NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANICE SMETS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>HEATHER WILSON, Secretary of the Air Force,[*]<br><br>    Defendant-Appellee. | No. 16-56551<br><br>D.C. No. 2:15-cv-08555-JFW-JC<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 13, 2018[***]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Janice Smets appeals pro se from the district court's summary judgment in

her action alleging age discrimination and retaliation in violation of the Age

---

 [*] Heather Wilson has been substituted for her predecessor, Deborah Lee James, as Secretary of the Air Force under Fed. R. App. P. 43(c)(2).

 [**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Discrimination in Employment Act ("ADEA") and Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Smets's age discrimination claim because Smets failed to raise a genuine dispute of material fact as to whether she was discriminated against on the basis of her age. *See Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987) (setting forth elements of a prima facie case of age discrimination under the ADEA).

The district court properly granted summary judgment on Smets's retaliation claim because Smets failed to raise a genuine dispute of material fact as to whether defendant took an adverse employment action against her. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006) (setting forth elements of a prima facie case of retaliation under Title VII).

The district court properly denied Smets's motion to remand the action to the Equal Employment Opportunity Commission. *See* 29 C.F.R. § 1614.409 ("Filing a civil action . . . shall terminate Commission processing of the appeal.").

We reject as without merit Smets's contention that the district court lacked jurisdiction over her action as a "mixed case" complaint or appeal under 29 C.F.R. § 1614.302.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Smets's motion to correct the opening brief (Docket Entry No. 26) is granted.

**AFFIRMED.**